UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

JERRY BROWN,
   Petitioner,
v.
WARDEN RAYMOND MADDEN,
   Respondent.

Case No. 17-cv-2691-NJV (PR)

**ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE**

Dkt. Nos. 3, 4

Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

Petitioner was found guilty of various sexual related offenses. Petition at 2. He was sentenced to 44 years in state prison. Petition at 1. He states that his conviction was affirmed on direct appeal and he is currently proceeding with a state habeas petition.

## DISCUSSION

### Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court committed misconduct in questioning several witnesses; (2) there were improper jury instruction; (3) his sentence violates the Eighth Amendment; (4) counsel was ineffective for failing to address the improper jury instruction; and (5) counsel was ineffective for not objecting to the trial court's misconduct while questioning several witnesses. It is not clear what claims have been exhausted and what claims are currently pending in the state court habeas petition. While petitioner has filed a motion for a stay, he has not addressed why a stay should be granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78. If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors.

In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

2

(2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[2]

The motion for a stay is denied without prejudice. Petitioner may file an amended motion addressing the standards set forth above.

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

2. The motion for a stay (Docket No. 3) is **DENIED** without prejudice to filing an amended motion in accordance with the standards set forth above. The amended motion must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED MOTION on the first page.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 15, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).