UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

JERRY BROWN,
    Petitioner,

v.

WARDEN RAYMOND MADDEN,
    Respondent.

Case No. 17-cv-2691-NJV (PR)

**ORDER DENYING AMENDED MOTION TO STAY, DISMISSING PETITION AND GRANTING LEAVE TO AMEND**

Dkt. No. 10

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed Petitioner's original and amended motions to stay. (Docs. 7, 9.) He has filed a first amended motion to stay. (Doc. 10.)

**BACKGROUND**

Petitioner was found guilty of various sexual related offenses. *People v. Brown*, No. A139357, 2015 WL 7572482, at *1 (Cal. Ct. App Nov. 25, 2015). He was sentenced to a determinate term of 37 years and a consecutive indeterminate term of life imprisonment with the possibility of parole. *Id*. His conviction was affirmed on direct appeal by the California Court of Appeal and the California Supreme Court denied a petition for review. *Id*.; *People v. Brown*, No. S231288 (Feb. 3, 2016).

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

The original habeas petition filed in this court asserted that: (1) the trial court committed misconduct in questioning several witnesses; (2) there were improper jury instruction; (3) petitioner's sentence violates the Eighth Amendment; (4) counsel was ineffective for failing to address the improper jury instruction; and (5) counsel was ineffective for not objecting to the trial court's misconduct while questioning several witnesses. It was not clear what claims had been exhausted and what claims petitioner was seeking to exhaust.[1] (Doc. 1.) The court denied petitioner's motion to stay with leave to amend to provide more information. The court described the manner to request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Petitioner's amended motion for stay was missing the referenced attachments so petitioner has filed a first amended motion to stay with a proposed petition. (Docs. 10, 11.)

Petitioner's first amended petition raises different claims and contends that: (1) there was a *Brady* violation; (2) counsel was ineffective for failing to object to ex parte meetings between the trial court, prosecutor and four jurors; (3) counsel was ineffective for failing to perform an adequate pretrial investigation; and (4) appellate counsel was ineffective for failing to raise several

---

[1] The claims presented to the California Court of Appeal were that the trial court erred by: (1) questioning petitioner and his wife when they testified; (2) instructing the jury it could use a finding that petitioner fled the scene of a crime to indicate his awareness of guilt; (3) imposing a sentence that was cruel and unusual; and (4) imposing an excessive restitution find. *Brown*, 2015 WL 7572482, at *1

2

issues. (Doc. 11.) Petitioner does not indicate if any of these claims were exhausted but they all appear to be unexhausted. Petitioner has not raised claims from the original petition and it is not clear if seeks relief for those claims or to dismiss them.

In his amended motion to stay, petitioner states that he wishes to proceed with a *King*/*Kelly* stay. However, "[p]ursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71). Petitioner has failed to follow this procedure and instead appears to bring a fully unexhausted petition. Therefore, the first amended motion to stay is denied and first amended petition is dismissed with leave to amend for petitioner to file a second amended motion to stay and second amended petition. Petitioner may choose to proceed pursuant to either *Rhines* or *King*/*Kelly*.

In *Rhines* the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78. **If petitioner wishes to stay this action pursuant to *Rhines*, he shall file a motion addressing the *Rhines* factors and file an amended petition that identifies all the claims he wishes to proceed with and he must identify which claims are already exhausted and which claims need to be exhausted.**

In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district

3

1  court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[2] **If petitioner wishes to seek a *King/Kelly* stay he must file a second amended petition and delete any unexhausted claims and a file a motion for a stay stating he seeks a *King/Kelly* stay and discussing how the amendment of any newly exhausted claims shares a common core of operative facts as the exhausted claims and comply with the statute of limitations.**

## CONCLUSION

1. The first amended motion for a stay (Doc. 10) is DENIED and proposed amended petition (Doc. 11) is DISMISSED with leave to amend in accordance with the standards set forth above. The second amended motion and petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED MOTION and SECOND AMENDED PETITION on the respective first pages of the documents.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 26, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).