UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

JERRY BROWN,

      Petitioner,

  v.

WARDEN RAYMOND MADDEN,

      Respondent.

Case No. 17-cv-2691-RMI (PR)

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

Dkt. No. 13

Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court denied Petitioner's first amended motion to stay with leave to amend. (Doc. 12.) He has filed a second amended motion to stay and an amended petition. (Doc. 13.)

## BACKGROUND

Petitioner was found guilty of various sexual related offenses. *People v. Brown*, No. A139357, 2015 WL 7572482, at *1 (Cal. Ct. App Nov. 25, 2015). He was sentenced to a determinate term of 37 years and a consecutive indeterminate term of life imprisonment with the possibility of parole. *Id.* His conviction was affirmed on direct appeal by the California Court of Appeal and the California Supreme Court denied a petition for review. *Id.*; *People v. Brown*, No. S231288 (Feb. 3, 2016).

## DISCUSSION

### Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts

supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

"'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real

possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court committed

misconduct in questioning several witnesses; (2) there were improper jury instruction; (3) his

sentence violates the Eighth Amendment; (4) trial counsel was ineffective for failing to address the

improper jury instruction; (5) trial counsel was ineffective for not objecting to the trial court's ex

parte meeting and not performing an adequate pretrial investigation; (6) there was a *Brady*

violation; and (7) appellate counsel was ineffective for failing to raise several issues.  Docket No.

13 at 6, 37-38.

Petitioner indicates that the first four claims are exhausted but the remaining claims are

unexhausted.  Petitioner seeks a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) to exhaust

the remaining claims.  Liberally construing the motion, petitioner has shown good cause for his

failure to exhaust the claims before filing this action, the claims do not appear patently meritless,

and there do not appear to be any intentionally dilatory litigation tactics by petitioner.  **Petitioner**

**is informed that before he may challenge either the fact or length of his confinement in a**

**habeas petition in this court, he must present to the California Supreme Court any claims he**

**wishes to raise in this court**.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim

raised in federal habeas petition must be exhausted).

**CONCLUSION**

1.  Petitioner's motion for a stay (Docket No. 13) is **GRANTED** and this case is **STAYED**

to allow petitioner to present his unexhausted claims in state court.  If petitioner is not granted

relief in state court, he may return to this court and ask that the stay be lifted.

2.  The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

3.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 29, 2017

_____
ROBERT M. ILLMAN
United States Magistrate Judge