UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BROWN,<br>　　　　Petitioner,<br>　v.<br>RAYMOND MADDEN,<br>　　　　Respondent. | Case No. 17-cv-02691-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS 4, 5, 6, 7**<br><br>Re: Dkt. Nos. 28, 33 |

Petitioner, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. The case was previously stayed so petitioner could exhaust further claims. The California Supreme Court denied petitioner's new claims and this court ordered respondent to show cause. As grounds for federal habeas relief, petitioner asserts that: (1) the trial court committed misconduct in questioning several witnesses; (2) there was an improper jury instruction; (3) his sentence violates the Eighth Amendment; (4) trial counsel was ineffective for failing to address the improper jury instruction; (5) trial counsel was ineffective for not objecting to an ex parte meeting and for not performing an adequate pretrial investigation; (6) there was a *Brady* violation; and (7) appellate counsel was ineffective for failing to raise several issues. Docket No. 13 at 6, 37-38. Respondent has filed a motion to dismiss on the grounds that claims four through seven are procedurally defaulted. Petitioner has filed an opposition. For the reasons that follow, the motion is granted.

**DISCUSSION**

**Legal Standard**

A federal court will not review questions of federal law decided by a state court if

the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). In the context of direct review by the United States Supreme Court, the "independent and adequate state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. *Id.* The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the claimed violations of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To show cause, a petitioner must point to some objective factor external to the defense that prevented him from complying with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the errors at his trial worked to his actual and substantial disadvantage, infecting his entire trial with errors of a constitutional dimension. *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).

**Background**

Petitioner was sentenced to a determinate term of 37 years and eight months and to a consecutive indeterminate term of life with the possibility of parole. Motion to Dismiss ("MTD") Ex. A at 9. Petitioner appealed to the California Court of Appeal asserting that the trial court erred by: (1) questioning petitioner and his wife when they testified; (2) instructing the jury it could use a finding that petitioner fled the scene of a crime to indicate his awareness of guilt; (3) imposing a sentence that was cruel and unusual; and (4) imposing an excessive restitution fine. *Id.* at 1. The California Court of Appeal affirmed the conviction on November 25, 2015. *Id.* The first three claims were presented to the California Supreme Court, which denied review on February 3, 2016.

2

*Id.*, Exs. B, C.

Petitioner filed several petitions and motions to stay in this case. The court eventually found the claims set forth above to be cognizable and granted a motion to stay so petitioner could present the unexhausted claims in state court. Docket No. 17.

On July 30, 2018, petitioner filed a habeas petition in the California Supreme Court. *Id.* Ex. D. He argued that there was a *Brady* Violation, trial counsel was ineffective for several reasons and appellate counsel was ineffective in various ways. *Id.* On January 16, 2019, the California Supreme Court denied the petition stating, "The petition for writ of habeas corpus is denied. (*See In re Robbins* (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely])." *Id.*, Ex. E (brackets in original).

**Analysis**

In California, a summary denial of a habeas petition by the California Supreme Court citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998), means that the petition has been rejected as untimely. *Walker v. Martin*, 562 U.S. 307, 313 (2011); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). The Ninth Circuit has held that California's timeliness bar is independent of questions of federal law. *See Bennett v. Mueller*, 322 F.3d 573, 581-83 (9th Cir. 2003). In *Walker*, the U.S. Supreme Court found California's timeliness requirement for habeas petitions to be adequate to support judgment because it is clearly established and consistently applied. *Walker*, 562 U.S. at 317-22. Therefore, the California Supreme Court's denial of petitioner's habeas petition as untimely rests upon on a state law ground that is "independent" of federal law and "adequate" to support the judgment. Petitioner's claims are procedurally defaulted unless he can show cause and prejudice to excuse the default.

In his opposition, petitioner sets forth the cause and prejudice standard. Opposition (Docket No. 31) at 3. However, petitioner does not present any specific arguments showing he had cause to default his claims. He also presents no specific arguments showing that he was prejudiced by the violations he is alleging. He only

3

argues that respondent is attempting to conceal the truth and that the court has a duty to review the claims. These arguments are insufficient to demonstrate cause and prejudice.

## CONCLUSION

1. The motion to dismiss (Docket No. 28) is **GRANTED**. The following claims are **DISMISSED** as procedurally defaulted: (4) trial counsel was ineffective for failing to address the improper jury instruction; (5) trial counsel was ineffective for not objecting to an ex parte meeting and for not performing an adequate pretrial investigation; (6) there was a *Brady* violation; and (7) appellate counsel was ineffective for failing to raise several issues.

2. The habeas petition continues on the following claims: (1) the trial court committed misconduct in questioning several witnesses; (2) there was an improper jury instruction; and (3) his sentence violates the Eighth Amendment.

3. Respondent shall file an answer within **fifty-six (56) days** of service of this order for the three claims that continue. All other aspects of the order to show cause (Docket No. 22) remain in effect.

4. Petitioner's motion for an evidentiary hearing (Docket No. 33) is **DENIED** because it is with respect to the claims that have been dismissed.

**IT IS SO ORDERED.**

Dated: July 31, 2019

PHYLLIS J. HAMILTON
United States District Judge

4